UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSIE R. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-186 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On May 16, 2011 the Court held a <u>Daubert</u> hearing[1] in the above-styled action to consider Defendant's Motion to Strike (<u>Daubert</u> Challenge To) the Testimony of Melvin L. Tucker, Dr. David Friedland, and Dr. Traci L. Jordan.  (D.E. 27.)  Upon consideration of the arguments of counsel and the applicable law, the Court issues the following Orders:

(1) Dr. Traci Jordan shall be deposed by Defendant City of Corpus Christi on May 24, 2011 at 9:00 a.m. in the offices of Dr. Jordan.  No later than 5:00 p.m. on May 16, 2011, Dr. Jordan shall produce an expert report that contains "a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."  Fed. R. Civ. P. 26(a)(2)(B)(v).

---

[1] <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 597 (1993).  Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court.  That rule provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  The proponent of the expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements have been met.  <u>See Bourjaily v. United States</u>, 483 U.S. 171 (1987); <u>see also</u> Fed. R. Evid. 104(a) and 702 (Advisory Committee Notes 2000).

(2) Mr. Melvin Tucker may testify at trial as an expert on behalf of Plaintiff Josie Hernandez.   He may testify as to training in police departments, departmental organization, and the aspiration that a police department should reflect the community that it serves.   Mr. Tucker may not, however, testify as to whether he believes former Police Chief Smith to have discriminated against Plaintiff Josie Hernandez.   Such statements are excluded because they would not be helpful to the trier of fact.   See Bauman v. Centex Corp., 611 F.2d 1115, 1121 (5th Cir. 1980) (For expert testimony to be admissible, the opinion must "be helpful to the jury in understanding the evidence or determining a fact in issue."); see also In re Air Crash Disaster at New Orleans, 795 F.2d 1230, 1233 (5th Cir. 1986) ("[T]rial courts must be wary lest the expert become nothing more than an advocate of policy before the jury. Stated more directly, the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument.").

(3) Dr. David Friedland may testify that it is a preferable human resources practice to document all interviews that are conducted with respect to available positions. He may also rebut testimony as to statistical analyses conducted by Defendant regarding diversity in the Corpus Christi Police Department.   Dr. Friedland may not, however, testify as to his interpretation of the Collective Bargaining Agreement at issue in the case, as this would offer an impermissible legal conclusion.   See, e.g., Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983) ("Rule 704 . . . is [not] intended to allow a witness to give *legal* conclusions. . . .   [A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is

irrelevant."); see Vanderbilt Mortg. and Finance, Inc. v. Flores, 2010 WL 4595592, at *4

(S.D. Tex. Nov. 1, 2010) (citing Owen).

      SIGNED and ORDERED this 17th day of May, 2011.

                                   Janis Graham Jack
                                  United States District Judge