UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSIE R. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-186 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Defendant's Motion to Quash Plaintiff's Trial Subpoena Duces Tecum. (D.E. 62.)

On May 27, 2011, Plaintiff served upon Defendant City of Corpus Christi four subpoenas duces tecum pursuant to Federal Rule of Civil Procedure 45, requesting certain documents to be produced at trial. (D.E. 62-2, 62-3, 62-4, 62-5.) Defendant filed its Motion to Quash on June 3, 2011.

As an initial matter, requests for documents from an opposing party are normally made pursuant to a request for production under Federal Rule of Civil Procedure 34, rather than a subpoena duces tecum under Rule 45. See, e.g., Front-Line Promotions & Marketing, Inc. v. Mayweather Promotions, 2009 WL 928568, at *5 (E.D. La. 2009) ("[P]ursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation."); Thomas v. IEM, Inc., 2008 WL 695230, at *2 (M.D.La. Mar. 12, 2008) ("Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to

litigation, are generally used to obtain documents from non-parties and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'").

Regardless of whether made under Rule 34 or Rule 45, Plaintiff's request here is untimely, as discovery in this matter ended on March 31, 2011. (D.E. 31 at 2.) It is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline. See, e.g., Thomas v. IEM, Inc., 2008 WL 695230, at *2 (M.D. La. 2008) ("The Court will not allow Thomas to employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents from IEM that could have been requested pursuant to a Rule 34 document request well before that deadline."); Barrington v. Lockheed Martin Corp., 2007 WL 1303032, at *4 (M.D. Fla. 2007) ("It is improper to use a Rule 45 subpoena for the express purpose of circumventing the response time provided to a party under Rule 34 and the Court's discovery deadline."); Disney v. State Farm Fire & Cas. Co., 2004 WL 1091135, at *1 (W.D. Tenn. 2004) ("[T]o the extent Disney's July 10, 2003 request for production of documents at the depositions of Buie and Swain was made pursuant to Rule 34, the request was untimely because the discovery deadline had expired."). Plaintiff does not adequately explain the reason for her untimely request, other than to state that it was "necessitated by the City's addition of over ten previously non-disclosed witnesses and the City's failure to produce documents upon proper discovery requests." (D.E. 68 at 2.) Plaintiff never sought Court resolution of any prior alleged failure to produce documents, nor has she explained how the allegedly new witnesses relate to these latest requests.

Finally, the Court finds that the subpoenas duces tecum (if treated as such), do not provide a reasonable amount of time in which to comply. The subpoenas were served on Friday, May 27, and required production at the first day of trial (now set for June 6, 2011). Under Federal Rule of Civil Procedure 45(c)(3)(A)(i), "the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). The Court finds that the subpoena should be quashed on this basis.

In light of the foregoing, the Court hereby GRANTS Defendant's Motion to Quash Plaintiff's Trial Subpoena Duces Tecum (D.E. 62) and ORDERS as follows:

1. The subpoena duces tecum issued to the Records Custodian, Corpus Christi Police Department, commanding the custodian to appear at the trial of this cause and produce copies of motor vehicle accident reports involving Brian Uhler, is quashed in its entirety.

2. The subpoena duces tecum issued to the Custodian of Records CCPD, commanding the custodian to appear at the trial of this cause and produce the investigation file regarding allegations that Assistant City Manager Johnny Perales downloaded computer images of a sexual nature, is quashed in its entirety.

3. The subpoena duces tecum issued to the Records Custodian for payroll and leave records for the Corpus Christi Police Department, commanding the custodian to appear at the trial of this cause and produce copies of paper attendance records pertaining to Adele "Heidi" Freise, is quashed in its entirety.

4. The subpoena duces tecum addressed to Santiago Escalante and commanding the production of documents pertaining to criminal offenses for which he was ever placed on court-ordered supervision is quashed in its entirety.

SIGNED and ORDERED this 6th day of June, 2011.

_____
Janis Graham Jack
United States District Judge