UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSIE R. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-186 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On June 7, 2011, after Plaintiff Josie Hernandez rested during trial of the above-styled action, Defendant City of Corpus Christi orally moved for a directed verdict as to Plaintiff's breach of contract claim and several specific promotional decisions, pursuant to Federal Rule of Civil Procedure 50(a).

Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a). "A directed verdict is appropriate only if, after considering all the evidence and drawing all inferences therefrom in favor of the non-moving party, the court is convinced that no reasonable jury could find in favor of the non-movant." Huss v. Gayden, 571 F.3d 442, 456 (5th Cir. 2009).

With respect to Plaintiff's breach of contract claim, the Court concludes that a directed verdict is proper because Plaintiff has presented no evidence that the Collective

Bargaining Agreement between the City of Corpus Christi and the Corpus Christi Police Officers' Association had been breached in the context of the promotional decisions at issue in this case.

With respect to Plaintiff's failure to promote claims, the Court enters directed verdicts regarding Plaintiff's claims of race, national origin, and sex discrimination (pursuant to Title VII of the Civil Rights Act of 1964), related to: (1) the Commander Position filled by Bryan Smith on January 5, 2009, (2) the Acting Police Chief Position filled by John Moseley on August 17, 2009, and (3) the Acting Police Chief Position filled by Michael Walsh on November 15, 2008.  Plaintiff announced her intent to retire from the Corpus Christi Police Department on November 4, 2008 (effective January 4, 2009), and thus would not have been eligible for these positions.  The Court also enters a directed verdict with respect to Plaintiff's claim of age discrimination (pursuant to the Texas Commission on Human Rights Act ("TCHRA")) relating to the Commander Position filled by Bryan Smith on January 5, 2009, for the same reason.

SIGNED and ORDERED this 9th day of June, 2011.

_____
Janis Graham Jack
United States District Judge